IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jonathan Ward Thrower,<br><br>                Plaintiff,<br><br>v.<br><br>Chaplain Smith,<br>Employee of Charleston<br>County Detention<br>Center,<br><br>                Defendant. | Civil Action No.8:05-3092-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on November 29, 2005, seeking damages for alleged civil rights violations. On May 22, 2006, the defendant moved for summary judgment. By order filed May 23, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on June 26, 2006.

## **FACTS PRESENTED**

The plaintiff is a pre-trial detainee currently housed at the Charleston County Detention ("CCDC"). In his complaint, the plaintiff alleges the defendant has denied him religious reading materials violating the First and Eighth amendments. (Compl. at 3.)

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff alleges the defendant has violated his constitutional rights by refusing him access to religious materials which have been mailed to him.[1] The plaintiff is seeking a letter of apology and/or a letter of resignation from the defendant, a change in the defendant's policy on religious reading materials, and punitive damages of $1 million.

Interference with a prisoner's mail may constitute a cognizable claim under 42 U.S.C. § 1983 in certain circumstances. *See Witherow v. Paff*, 52 F.3d 264, 265 (7th Cir.1995) (holding prisoners possess First Amendment right to send and receive mail); *Miniken v. Walter*, 978 F.Supp. 1356 (E.D.Wa.1997). Further, a prisoner retains his federal constitutional right to freedom of religion and prisoners must be afforded "reasonable" opportunity to practice their religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). However, even when religious freedoms are at issue, prison administrators must be afforded "latitude in the administration of prison affairs." *Id*. Limitations or restrictions upon inmates' constitutional rights are permissible if they are "reasonably related to legitimate penological interests." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001). In evaluating a constitutional challenge to prison regulations, the court must consider the following factors: 1) whether

---

[1]To the extent, that the plaintiff alleges an equal protection claim regarding his allegations that Christian religious materials are more readily available in the CCDC than Muslim religious materials, the plaintiff has failed to state a claim. To succeed on an equal protection claim, a plaintiff must first demonstrate that he or she has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination; once this showing is made, the court then determines whether the disparity in treatment can be justified under the requisite level of scrutiny. *Morrison v. Garraghty*, 239 F.3d 648 (4th Cir.2001). The plaintiff has failed to allege any facts to support such a claim and conclusory allegations of discrimination are insufficient to state a claim of unconstitutional discrimination.

there is a logical connection between the regulation and a legitimate governmental interest; 2) if the inmate has an alternate means of exercising his religious right; and 3) if accommodating the inmate's right would severely impact other inmates, prison officials, and allocation of prison resources. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-52 (1987). Prison officials have a legitimate security and personnel resource interest in limiting the size of incoming mail parcels. It is clear that prison administrators have a legitimate interest in maintaining safety and order within the institution. *Montcalm Publ. Corp. v. Beck*, 80 F.3d 105 (4th Cir.1996)(finding that security, discipline, order, public safety, and rehabilitation interests need no defense). Furthermore, in light of evidence that books and magazines can be used to smuggle contraband into prison and a significant amount of time would be devoted to inspecting the potentially voluminous numbers of books and magazines forwarded to the prison, a policy which permits inmates to only receive written materials shipped directly from a publisher does not violate an inmate's First Amendment rights. *See Bell v. Wolfish*, 441 U.S. 520, 550-551 (1979); *Zacek v. Hutto*, 642 F.2d 74, 75 (4th Cir.1981).

The CCDC has a policy concerning the receipt of religious materials by inmates through the mail. (Def.'s Mem. Supp. Summ J. at 4; Eva Smith Aff. & Exs. A & B; Timothy Smith Aff.) All religious materials must be soft back. (Eva Smith Aff. 9; Timothy Smith Aff. 8.) The Chaplain is to screen and verify the content of religious materials before distributing them to an inmate. (Timothy Smith Aff. 8.) All materials are to be sent by the publisher or another authorized source. (Eva Smith Aff. 9; Timothy Smith Aff. 8.) Religious materials are subject to the rules of acceptable literature issued by the CCDC Administrator. (*Id*.) If the religious materials are approved, they are given to the inmate. If not, the materials are put into the inmate's personal property which is given to him upon his release. (Eva Smith Aff. 9; Timothy Smith Aff. 10.)

The plaintiff has failed to allege facts demonstrating that the religious materials he was denied should have been approved. The plaintiff states that he had a member of his family purchase religious books and send them to the Chaplain before he was told the books had to be sent directly from the publisher. (Pl.s' Mem. Opp. Summ. J. Mot. at 2.) Upon learning of the CCDC policy, he had some religious books sent to the Chaplain by religious leaders and he claims he was again denied these books. (*Id.*) However, the plaintiff states he does not know exactly what materials were sent to him and withheld by the defendants. (*Id.*) Without knowing what material was withheld, the plaintiff cannot allege that this material complied with the CCDC policy. Accordingly, the plaintiff cannot show that the defendants improperly denied him this material.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment be GRANTED and the Plaintiff's claims be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 16, 2006
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 10768**
**Greenville, South Carolina 29603**